IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1178-T-An |
| | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This action was filed by Plaintiff against his former employer, Lowe's Home Center, Inc. Plaintiff alleges that he was unlawfully denied promotions on the basis of his race and subjected to retaliation because of his complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendant has filed a motion to dismiss on the ground of judicial estoppel. Plaintiff has not responded to the motion. For the reasons set forth below, the motion to dismiss is GRANTED.

A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff would not be entitled to relief even if the factual allegations were proven. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be taken as true, Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989), and it must be apparent that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hammond, 866 F.2d at 175. The complaint

must be read in the light most favorable to the plaintiff. Allard v. Weitzman (In re Delorian Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

Plaintiff alleges that he was not given promotions because of his race and because he had complained of certain acts that he perceived as racial discrimination against other employees. On September 17 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On November 30, 2004, approximately two months after filing his EEOC charge, Plaintiff filed a voluntary petition for a Chapter 13 bankruptcy with the United States Bankruptcy Court for the Western District of Tennessee. Defendant's Exhibit 2. Neither the schedules nor Plaintiff's statement of financial affairs attached to Plaintiff's petition listed any potential claims against Defendant as part of the assets of the bankruptcy estate. Id. Plaintiff affirmed under penalty of perjury that the information was true and correct. Id. Plaintiff's Chapter 13 plan was confirmed on February 9, 2005. Plaintiff has never amended his bankruptcy schedules or his statement of financial affairs to disclose his claims against Defendant as an asset of the estate. This action was filed on June 29, 2005.

As an initial matter, the court notes that Plaintiff lacks standing to pursue the claims in this lawsuit because claims that arise prior to or during a bankruptcy are property of the bankruptcy estate. Because this action is a part of Plaintiff's bankruptcy estate, the bankruptcy trustee, not Plaintiff, has standing to bring the claim. Section § 541(a) of the Bankruptcy Code states in part:

(a) The commencement of a case under section 301, 302, or 303 of this title

creates an estate. Such an estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in the property as of the commencement of the case.

11 U.S.C. § 541(a). Section 541 vests legal claims in the bankruptcy estate. Accordingly, the right to pursue those claims is the exclusive province of the bankruptcy trustee, and the debtor does not have standing to bring those claims in a court of law. See Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir.1988). As explained in Snyder v. United States, 63 Fed.Cl. 762, 765 (Fed. Cl. 2005),

> Federal bankruptcy law provides that "[t]he commencement of a [bankruptcy proceeding] creates a [bankruptcy] estate,"11 U.S.C. § 541(a)(1) (2000), and confers upon a court-appointed trustee the representative capacity to sue or be sued on behalf of the estate, 11 U.S.C. § 323(a)-(b) (2000) ("The [bankruptcy] trustee ⋯ has capacity to sue and be sued."). See also In re Luongo, 259 F.3d 323, 335 (5th Cir.2001) ("The commencement of the bankruptcy case creates a bankruptcy estate, which includes all 'legal and equitable interests of the debtor.' ") (citations omitted); Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 6 (1997) ("[T]he power to assert ⋯ a claim [on behalf of the debtor] rests solely with the bankruptcy trustee.") (emphasis added) (citing 11 U.S.C. § 323(a) and Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), cert. denied,489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). Federal law dictates that the bankruptcy trustee is the only party with standing to bring a claim on behalf of a bankruptcy estate and is therefore the real party in interest under RCFC 17(a).
>
> Because, as defendant argues, "claims arising out of tax years which preceded the date of the filing of the bankruptcy petition become part of the bankruptcy estate," Def.'s Memo. 4-5 (citing Kokoszka v. Belford, 417 U.S. 642, 647-48, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and Barowsky v. Serelson, 946 F.2d 1516, 1517-18 (10th Cir.1991)), and because the bankruptcy trustee is the only representative with the capacity to sue or be sued concerning claims arising from the bankruptcy estate, plaintiffs are not the real party in interest with respect to the claims contained in their complaint.

3

A debtor can reclaim standing to pursue an action if the bankruptcy trustee abandons the claim or the bankruptcy court orders the claim abandoned.[1] However, in this case, neither the trustee nor the bankruptcy court has done so. Therefore, the action must be dismissed because Plaintiff does not have standing to pursue it.

Alternatively, the action must be dismissed on the ground of judicial estoppel. Defendant argues, and the court agrees, that Plaintiff's bankruptcy proceedings bar this action under the doctrine of judicial estoppel because he did not disclose the existence of his discrimination claims in his schedule of assets.

The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). "Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized." Id.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one

---

[1] 11 U.S.C. § 554 states in relevant part:

    (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted). See also Reynolds v. Commissioner, 861 F.2d 469, 472 (6th Cir.1988).

The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted). In Browning, the court focused on the first two factors identified in New Hampshire and described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." 283 F.3d at 775 (internal quotation omitted).

Plaintiff has met the two Browing factors in that he (1) now asserts a position contrary to the one that he asserted under oath in a prior proceeding by bringing claims he swore he

5

did not have in the statement of financial affairs and schedule of personal property; and (2) the bankruptcy court adopted the contrary position in its order confirming his Chapter 13 bankruptcy plan. As to the first factor, the Sixth Circuit has held that pursuing a cause of action not disclosed as an asset in a bankruptcy filing creates an inconsistency sufficient to support judicial estoppel. See Eubanks, 385 F.3d at 898; Browning, 283 F.3d at 775. The Sixth Circuit also has held that an order confirming a Chapter 13 plan adopts the debtor's statement that he has no potential causes of action and supports a finding that the second factor has been met. See Reynolds v. Commissioner, 861 F.2d 469, 473 (6th Cir.1988). Thus, Plaintiff's actions in his bankruptcy proceeding and in the present case establish the two factors necessary for the court to apply the doctrine of judicial estoppel to his present claim of discrimination.

Although there is a good faith exception to judicial estoppel, see New Hampshire, 532 U.S. at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (internal quotation omitted)), Plaintiff has presented no facts to the court to suggest that his failure to list his discrimination claim was the result of inadvertence or a mistake.

The present case is distinguishable from Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894 (6th Cir.2004), in which the appellate court reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a potential claim that was omitted from their bankruptcy petition. The court noted that an absence of bad faith, as well as mistake and inadvertence, should be considered when applying judicial estoppel. Id. at 895.

Although the plaintiffs in <u>Eubanks</u> omitted their cause of action from the bankruptcy schedules, they (1) notified the bankruptcy trustee of the claim and the trustee requested all of the documents regarding the claim; (2) asked the trustee on several occasions whether he intended to pursue the claim on behalf of the estate; (3) moved the bankruptcy court for a status conference on the issue of the claim; (4) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in their lawsuit after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the lawsuit to their bankruptcy schedules after the defendant filed a motion to dismiss on the basis of judicial estoppel. <u>Id.</u> at 895-97. The court held that, although the plaintiffs had knowledge of the potential claim during the pendency of the bankruptcy proceeding, the above listed actions demonstrated that their omission was in good faith and mostly likely inadvertent. <u>Id.</u> at 899 & n. 3. Thus, even if the debtor has knowledge of a potential cause of action, if the plaintiff does not actively conceal it and, instead, takes affirmative steps to inform the trustee and the bankruptcy court of the action, judicial estoppel will not bar that cause of action. In the present case, Plaintiff has presented no evidence that he has taken any steps to apprise the bankruptcy court of this lawsuit.

      Because Plaintiff lacks standing to bring this action and because the action is barred by the doctrine of judicial estoppel, the motion to dismiss is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

                                       s/ **James D. Todd**  
                                       JAMES D. TODD  
                                       UNITED STATES DISTRICT JUDGE